UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-297 (DWF/DTS)

UNITED STATES OF AMERICA,

           Plaintiff,                **PLEA AGREEMENT AND**
                                                **SENTENCING STIPULATIONS**

v.

DARRIAN MITCHELL NGUYEN,

           Defendant.

The United States of America and defendant Darrian Mitchell Nguyen (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges**. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Possession with the Intent To Distribute Methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and 841(b)(1)(B), and Count Two of the Indictment, which charges the defendant with Unlawful Possession of a Machine Gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). The defendant fully understands the nature and elements of the crimes with which he has been charged. At the time of sentencing, the government agrees to move to dismiss Count Three of the Indictment.

    2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count One and Count Two of the Indictment. In pleading guilty, the defendant admits

1

the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

    a. From in or about July 2022 through in or about October 2022, the defendant communicated in person and via text messages with an FBI confidential human source (the "CHS").

    b. On August 9, 2022, the defendant sold 3.7 grams of methamphetamine to the CHS during a controlled buy. On August 23, 2022, the defendant sold 7.1 grams of methamphetamine to the CHS during a controlled buy.

    c. The defendant also expressed his interest in obtaining a short-barreled rifle with an "auto sear" installed in it to make the short-barreled rifle fully automatic. The defendant indicated the CHS could provide the defendant with such a weapon to satisfy a previously existing drug debt the CHS owed to the defendant. In addition to the short-barreled rifle with an auto sear installed, the defendant arranged to obtain additional auto sears from the CHS to install on weapons he already owned.

    d. The defendant had a "Three Percenter" flag hanging in his garage. During conversations with the CHS about obtaining firearms, the defendant discussed interest in a revolution or coup-d'état.

    e. <u>Count 1</u>: On October 4, 2022, law enforcement searched the defendant's Anoka residence and seized approximately 221.5 grams of a mixture and substance containing a detectable amount of methamphetamine. The defendant obtained the methamphetamine for the purpose of distributing it. The defendant acted voluntarily and knew his actions violated the law.

    f. <u>Count 2</u>: On October 4, 2022, the defendant knowingly took possession of a rifle bearing serial number CWP80-1, equipped with an attached conversion device, commonly known as an "auto sear," enabling it to be fired as a fully automatic weapon by a single function of the trigger, knowing it had characteristics that made it a machine gun as defined by Title 26, United States Code, Section 5845(b), and seven additional conversion devices, commonly known as "auto sears," knowing they had characteristics that made them machine guns as defined by Title 26, United States Code, Section 5845(b).

    g. <u>Relevant Conduct</u>: Law enforcement seized twenty-two other firearms from the defendant's residence on October 4, 2022. One of the firearms is a rifle having a barrel of less than 16 inches in length, bearing serial number PA182582, and another is a weapon made from a shotgun, which, as

modified, has a barrel of less than 18 inches in length and serial number R456846. In addition to the 221.5 grams of a mixture and substance containing a detectable amount of methamphetamine, law enforcement also seized approximately 18.5 grams of cocaine and approximately 3.2 grams of MDMA from the defendant's residence on October 4, 2022.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of

guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count One of the Indictment (Possession with the Intent To Distribute Methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and 841(b)(1)(B)) is a felony offense that carries the following statutory penalties:

    a. a mandatory minimum of five years in prison;

    b. a maximum of forty years in prison;

    c. a supervised release term of at least five years up to a maximum supervised release term of life;

    d. a maximum fine of $5,000,0000;

    e. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

    g. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

The defendant understands that Count Two of the Indictment (Unlawful Possession of a Machine Gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2)) is a felony offense that carries the following statutory penalties:

    h.    a maximum of ten years in prison;

    i.    a supervised release term of up to three years;

    j.    a maximum fine of $250,000;

    k.    assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    l.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

    m.    the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7.    **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8.    **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

Count One

    a.    Base Offense Level. The parties agree that pursuant to U.S.S.G. § 2D1.1, the base offense level for the violation noted in Count One of the Indictment is calculated using the greater of the offense level corresponding to the converted drug weight ("CDW") of all of the drugs. As of the date of this Agreement, the parties do not know the purity of all of the methamphetamine involved, and thus, the parties cannot know the exact converted drug weight at this time. This information will be available at the time of sentencing. Therefore, the parties agree that the base offense level for the violation and the relevant conduct noted in paragraph 2, above, is at least 26 (at least 400 kilograms but less than 700 kilograms converted drug weight, *see* U.S.S.G § 2D1.1(c)(7)) and could be as high as 32 (at least 3,000 kilograms but less than 10,000 kilograms converted drug weight, *see* U.S.S.G. § 2D1.1(c)(4)) as set forth below.

| Drug Seized | Converted Drug Weight (CDW) |
|---|---|
| 221.5 grams Methamphetamine | 442 kg CDW (221.5g x 2 kg) (mixture)<br>Or<br>4,420 kg CDW (221.5g x 20kg) (actual) |
| 18.5 grams cocaine | 3.7 kg CDW (18.5g x 200g) |
| 3.2 grams MDMA | 1.6 kg CDW (27g x 500g) |
| **Total CDW** | 447.3 kg CDW (methamphetamine mixture)<br>Or<br>4,425.3 kg CDW (methamphetamine actual) |

    b.    Specific Offense Characteristics. The parties agree that the base offense level should be increased by 2 levels because a dangerous weapon was possessed. U.S.S.G. § 2D1.1(b)(1). The parties agree that no other specific offense characteristics apply.

6

Count Two

  c. <u>Base Offense Level</u>.  The parties agree that the base offense level for the violation noted in Count Two of the Indictment is 18 because the offense involved a firearm described in 26 U.S.C. § 5845(a). U.S.S.G. § 2K2.1(a)(5).

  d. <u>Specific Offense Characteristics</u>. The parties agree that the base offense level should be increased by 2 levels because the offense involved three firearms.  U.S.S.G. § 2K2.1(b)(1)(A).  The parties agree that the base offense level should be increased by 4 levels because the defendant possessed a firearm in connection with another felony offense. U.S.S.G. § 2K2.2(b)(6)(B). The parties agree that no other specific offense characteristics apply.

  e. <u>Chapter 3 Adjustments</u>.  The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply to Count One or Count Two.

Other Adjustments

  f. <u>Combined Offense Level</u>.  The parties agree that the offenses charged in the Indictment are grouped.  U.S.S.G. § 3D1.2(c) and (d).

  g. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion.  However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

  h. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1.  This does not constitute a stipulation, but a belief

7

        based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    i.     <u>Guidelines Range</u>. If the adjusted offense level is 25, and the criminal history category is I, the Sentencing Guidelines range is **57 to 71 months of imprisonment**. Because the mandatory minimum is 5 years, the Guideline range becomes **60 to 71** months of imprisonment. U.S.S.G. § 5G1.1(c)(2). If the adjusted offense level is 31, and the criminal history category is I, the Sentencing Guidelines range is **108 to 135 months of imprisonment**.

        The defendant understands that, regardless of the Sentencing Guidelines range, the statutory mandatory minimum sentence in this matter is five years of imprisonment.

    j.     <u>Fine Range</u>. If the adjusted offense level is 25, the Sentencing Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3). If the adjusted offense level is 31, the Sentencing Guidelines fine range is $30,000 to $300,000. U.S.S.G. § 5E1.2(c)(3)

    k.     <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years. U.S.S.G. § 5D1.2(c).

9.     **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that

8

the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures or variances from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Guidelines relating to methamphetamine (actual) are applicable, the defendant reserves the right to argue that the Court should apply a variance to a sentence that falls within the applicable Guidelines range for a methamphetamine mixture. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations.

13. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms, ammunition and firearm accessories seized from him in connection with this matter, including: (1) a rifle bearing serial number CWP80-1, equipped with an attached conversion device; (2) seven additional conversion devices; (3) a rifle having a barrel or barrels of less than 16 inches in length, bearing serial number PA182582; and (4) a weapon made from a shotgun, which, as modified, has a barrel of less than 18 inches in length and serial number R4568. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

14. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver are appeals under the following circumstances: (1) an appeal by the defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court; or (2) an appeal by the defendant of the substantive reasonableness of a term of imprisonment imposed in a Guidelines range that is higher than the Guidelines ranges contemplated by the parties in this Plea Agreement. The defendant also waives the right

to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 03/20/2023

BY:   MANDA M. SERTICH
Assistant United States Attorney

Date: 3/20/2023

DARRIAN MITCHELL NGUYEN
Defendant

Date: 3/20/23

ANDREW M. IRLBECK, ESQ.
Counsel for Defendant